CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT, V. SCHOOL DISTRICT NO. 10, KEARNEY COUNTY ET AL., APPELLEES.

FILED APRIL 18, 1900. No. 9,386.

School District: INCORPORATED CITY WITHIN ITS LIMITS. Unless a school district includes within its limits an incorporated city having more than fifteen hundred inhabitants, it is not subject to the provisions of subdivision 14, chapter 79, Compiled Statutes, 1895.

APPEAL from the district court of Kearney county. Heard below before BEALL, J. *Affirmed.*

*J. W. Deweese* and *F. E. Bishop*, for appellant.

*Ed L. Adams, Hague & Anderbery* and *E. C. Dailey*, contra.

SULLIVAN, J.

This case presents a question of statutory construction. In the year 1896 there was levied against the property of the Chicago, Burlington & Quincy Railroad Company, located in the school district of Minden, a tax of twenty-five mills on the dollar of the assessed valuation for general school purposes, and a further tax of ten mills for the payment of district bonds. To enjoin the collection of a portion of such tax, the company filed a petition in the district court of Kearney county alleging that the

levy was in excess of the limit prescribed by law, and that the maximum tax authorized by the statute could not exceed twenty mills on the dollar for all school purposes. The trial court sustained a general demurrer to the petition and gave judgment in favor of the defendants. The correctness of the decision is challenged by this appeal.

The defendant district comprises the city of Minden and some unincorporated territory contiguous thereto. The city has less than 1,500 inhabitants, but the population of the district exceeds 1,500. The appellant contends that the population of the district determines the class of districts to which it belongs, while appellees insist that the population of the city is the determining factor. Both parties are agreed that if the district is not governed by subdivision 14, chapter 79, Compiled Statutes of 1895, the limit of lawful taxation has not been passed. The first section of the subdivision referred to is as follows:

"Sec. 1. That each incorporated city in the state of Nebraska, or those hereafter incorporated as such, having a population of more than fifteen hundred inhabitants, including such adjacent territory as now is, or hereafter may be, attached for school purposes, shall constitute one school district, and be known by the name of 'the school district of (name of city,) in the county of (name of county,) in the state of Nebraska,' and as such, in that name, shall be a body corporate and possess all the usual powers of a corporation for public purposes, and in that name and style may sue and be sued, purchase, hold, and sell such personal and real estate, and control such obligations as are authorized by law, and the title to all school buildings or other property, real or personal, owned by any school district within the corporate limits of any city, shall, upon the organization of a district under the provisions of this subdivision, vest immediately in the new district; and the board of education by this subdivision provided, shall have exclusive

control of the same for all purposes herein contemplated; *Provided,* That any territory not included within the corporate limits of any city, and containing territory or a number of children sufficient to constitute a school district under the provisions of this chapter, may, by petition signed by at least a majority of the legal voters of such territory, and a majority of the board of education of such city, be by the county superintendent erected into a separate district under the conditions imposed by this chapter; *Provided, further,* That in case any city above described shall embrace more than one entire school district, and the fractional part of another school district shall extend within the corporate limits of said city, the fractional part so embraced within said corporate limits shall be exempt from the provisions of this subdivision, until such a time as a majority of the legal voters of said fractional part shall petition the board of education of said city to be included in said district, and upon the receipt of such petition by said board, the said fractional part shall be included within the said district, for all purposes of this subdivision."

This is not a very lucid expression of the legislative will, but we are of opinion that it has been correctly interpreted by the trial court. It seems to us that the basis, or chief component, of the district contemplated by the section quoted, is an incorporated city having a poulation of 1,500 or more. If this were not so, the erection of the outlying territory into a separate district might leave the original district without the requisite population and thus destroy its rank. The section was amended in 1897, and incidentally its meaning so clarified as to leave no further room for doubt that the phrase "having a population of more than fifteen hundred inhabitants" relates to and is descriptive of the city, and not of the district. The judgment is right and is

AFFIRMED.